UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES HENRY BRYANT,

Plaintiff,

v.

SEMS MEDICAL FACILITY, et al.,

Defendants.

No. 2:17-cv-1411-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After the dismissal of his amended complaint pursuant to 28 U.S.C. § 1915A, he has filed a second amended complaint (ECF No. 11), which the court must screen pursuant to section 1915A. As explained below, the second amended complaint must also be dismissed but plaintiff is granted one final opportunity to amend.

Screening Order

Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

Like his prior complaint, plaintiff alleges that he was denied medical treatment for a cough, shortness of breath, and a swollen stomach. *See* ECF No. 11. However, the allegations are insufficiently detailed to state a cognizable claim. First, plaintiff has named three individual defendants, but has not alleged wrongdoing against any of them. Thus, it is unclear what allegations, if any, he seeks to pursue against each defendant. Second, plaintiff's allegations lack sufficient detail to establish deliberate indifference for an Eighth Amendment claim. Assuming the defendants denied or delayed plaintiff's medical care, it is unclear what rationale underlay their decisions. Deliberate indifference requires a showing that the defendant, acting with a state of mind more blameworthy than negligence, denied, delayed, or interfered with the treatment of plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; mere malpractice, or even gross negligence, does not constitute cruel and unusual punishment. *Estelle*, 429 U.S. at 106. Absent some indication as to what reasons each defendant gave for dismissing plaintiff's serious medical needs, it is impossible to determine whether any of them acted with deliberate indifference or mere negligence.

## Leave to Amend

For these reasons, plaintiff's amended complaint is dismissed with one final opportunity to amend. If plaintiff chooses to file a third amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

1    Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See

2 *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

3    Any amended complaint must be written or typed so that it so that it is complete in itself

4 without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended

5 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

6 earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

7 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

8 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

9 1967)).

## Conclusion

10    Accordingly, IT IS HEREBY ORDERED that plaintiff's second amended complaint (ECF

11 No. 11) is dismissed with leave to amend within 30 days of service of this order. Failure to

12 comply with this order may result in dismissal of this action.

13 DATED: April 23, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE